**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**

---

JIA LI, *an Individual*
DAVID HSIAO, *an Individual*

Plaintiffs,

-against- Civil Action No.: **20-cv-14377**

GBM Foundation Company Ltd ,
D/B/A *BitMart*, *a Grand Cayman Islands Corporation,*

Defendant.

---

**ANSWER**

The Defendant herein, GBM Foundation Company Ltd, as and for its answer to the Complaint having been filed in this action, states as follows:

**NATURE OF ACTION**

1. Deny the allegations set forth in this paragraph, and respectfully refer all questions of law to the Court.

**THE PARTIES**

2. GBM Foundation Company Limited is a corporation incorporated in the Grand Cayman Islands with its principal place of business in China.

3. Deny that the Defendant operates business in the State of New Jersey or maintains any places of business in the State of New Jersey, and, specifically, does any business at 214 River Street, Hoboken, New Jersey 07030.

## JURISDICTION AND VENUE

4. Deny the allegations set forth in paragraph 3 and paragraph 4 of the Complaint that Defendant is a Limited Liability Company formed in the State of New Jersey with principal place of business located in the State of New Jersey.

## INTRODUCTION

5. Deny the allegations set forth in paragraphs 5 and 6 of the Complaint regarding Defendant's operation of business or any transactions or dealings involving the Plaintiffs.

## FACTUAL ALLEGATIONS

6. Either deny each allegation set forth in paragraphs 7 through paragraph 31 or lack information or knowledge sufficient to form the belief as to the truthfulness of such allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The court does not have jurisdiction over the Defendant. Defendant is a foreign company formed under the laws of Cayman Islands with principal place of business in China. The company does not operate in the State of New Jersey or keep any place of business in the State of New Jersey.
8. The venue is not proper. Neither of the Plaintiffs resides in the State of New Jersey. As Plaintiffs alleged, Defendant, as an online digital currency exchange platform, allows Plaintiffs, as registered users, to trade digital currency on Defendant's website, and to store or transmit digital currency in or from a digital wallet hosted on Defendant's server. The transaction between Defendant and the

Plaintiffs did not happen within the State of New Jersey, nor did the assets in dispute locate in the State of New Jersey.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

9. The action should be dismissed for lack of proper service. Plaintiffs failed to attempt personal service. After serving the wrong persons at the wrong address, Plaintiffs failed to use reasonable effort to obtain Defendant's actual place of business, nor did Plaintiff provide Defendant with actual notice of this action by mails to Defendant's known address.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

10. Plaintiffs' action is barred because the Plaintiffs, by registering accounts with Defendant's website, entered into a service agreement with Defendant which contains a mandatory arbitration clause. The plaintiffs expressly agreed that any dispute arising out of or relating to Defendant's services, including, without limitation, federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation, or any other legal theory, shall be resolved through binding arbitration, on an individual basis.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

11. The Plaintiffs' action is barred by the doctrine of unclean hands. Plaintiffs' alleged transaction on Defendant's website violates the federal law by engaging in insider trading that caused substantial damages to Defendant, other users of the Defendant, and the token issuer, while affording illegal gains to the Plaintiffs.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. Plaintiffs' alleged transactions on Defendant's website constitute "prohibited use" pursuant to the "BitMart User Agreement", which expressly precludes Plaintiffs from seeking any kind of damages, fees or cost of legal actions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

13. For each cause of action alleged, Plaintiffs failed to plead with specificity and failed to establish required elements for any claim upon which relief can be granted.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

14. Because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable in this case. Defendant reserve the right to assert additional affirmative defenses or counterclaims, if any.

WHEREFORE, Defendants respectfully requests that Plaintiffs' complaint herein be denied or dismissed in its entirety, that the Court award Defendant its costs and attorney's fees, and that the Court grant to Defendant such other and further relief as may be deemed just and appropriate in the circumstances.

Dated: Flushing, New York
December 3, 2020

By: /s/Xuanxuan Wei.
*Corporate Counsel*
GBM Foundation Company, Ltd
475 48th Ave, 2507
Long Island City, NY
Tel: (917) 293-9293

To:

Anthony Scordo, Esq.
1425 Pompton Ave, 2-2
Cedar Grove, NJ 07009
Tel: 973-837-1861